# CIRCUIT COURT OF THE CITY OF RICHMOND

In re George M. Hall

February 5, 1980

Case No. LC-1373

By JUDGE MARVIN F. COLE

This matter is before the court on an application filed by George M. Hall for the reduction of assessment from an assessment of a 1975 Grand Fury Plymouth automobile in the name of the applicant for the year 1978.

The Commissioner of Revenue assessed the petitioner's 1975 Plymouth Grand Fury at $2,000 for the tax year 1978. The Commissioner arrived at the assessment by using the N.A.D.A. Official Used Car Guide, Eastern Edition, January, 1978. At the hearing of this matter the City of Richmond offered evidence to the effect that the N.A.D.A. book was compiled from questionnaires answered by a large number of dealers and that the figures represented an average as to the value of various vehicles. A witness for the City testified that the values in the N.A.D.A. book were compatible with the fair market value of the same vehicles in the Richmond area.

The petitioner claims that his car had over 90,000 miles on it and the Commissioner in accordance with the N.A.D.A. book should have deducted $500 for high mileage. The bottom of each page of the N.A.D.A. book contains the phrase, "deduct for high mileage." The N.A.D.A. book, which was introduced into the evidence, also contains many other factors which can

be added to or deleted from a motor vehicle in order to determine its value.

The petitioner testified that he traded in his motor vehicle around May or June of 1978 on another vehicle for the sum of $1,350. At that time the motor vehicle had a mileage of 108,000 miles.

The question before the court for determination is whether the Commissioner of Revenue assessed the petitioner's vehicle at fair market value as that term is defined and considered under Virginia law.

There is a presumption in favor of the correctness of a tax assessment and the burden is upon the property owner who questions it to show that the value fixed by the assessing authority is excessive. The effect of this presumption is that even if the assessor is unable to come forward with evidence to prove the correctness of the assessment, this does not impeach it since the taxpayer has the burden of proving the assessment erroneous. *Norfolk and Western Railway* v. *Commonwealth*, 211 Va. 692.

Article X, Section 1, of the Constitution of Virginia states that all taxes shall be levied and collected under general laws and shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax, except that the General Assembly may provide for differences in the rate of taxation to be imposed upon real estate.

Article X, Section 2, of the Constitution of Virginia states that all assessments of real estate and tangible property shall be at their fair market value, to be ascertained as prescribed by law.

Section 58-864 of the Code of Virginia provides that each Commissioner of the Revenue shall ascertain and assess at fair market value, all the personal property not exempt from taxation and all subjects of taxation in his county or city on the first day of January in each year, except as otherwise provided by law.

In referring to § 58-864 of the Code of Virginia, the Supreme Court in the case of *Cross* v. *City of Newport News*, 217 Va. 202, states the following:

> Nothing in Code Section 58-864 prescribes the procedure to be followed by Commissioners of the Revenue in determining taxable values

or prohibits the use of multiple methods. And there is no constitutional requirement that such methods be identical.

"The Constitution does not prescribe that the valuation of all property for taxation shall be ascertained in the same way or manner. It is not even implied. In the nature of things, it could not be done. The many kinds of species of property with their diverse characteristics render it impossible. . . The requirement of equality and uniformity is satisfied by such regulations as will secure an equal rate and a just valuation, without reference to the method of valuation. . . The legislature may prescribe any method it may deem best for attaining a just and fair valuation of any species of property, and the court could not declare any such law void, unless it manifestly violated the principles required by the Constitution." *Iverson Brown's Case*, 91 Va. 762, 767, 21 S.E. 357, 358-59 (1895).

The *Cross* case further states that the principles required by the constitution are (1) the fair market value and (2) uniformity clause of the first two sections of Article X of the constitution. These two sections must be construed together. The dominant purpose of these provisions is to distribute the burden of taxation, so far as is practicable, evenly and equitably. If it is impracticable or impossible to enforce both the standard of true value and the standard of uniformity and equality, the latter provision is to be preferred as the just and ultimate end to be attained.

The court finds that under the above statements as to the law applicable to this case, the petitioner has not borne the burden of proof to show that there has been an erroneous assessment of the 1975 Grand Fury Plymouth automobile owned by the petitioner.